[No. 16201.   Department One.   December 3, 1920.]

THE STATE OF WASHINGTON, *on the Relation of Pacific Commissary Company* et al., *Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Mitchell Gilliam, Judge, Respondent.*[1]

APPEAL (477)—DECISION—SCOPE IN GENERAL. Where the supreme court, in an action on account, approved and allowed judgment for certain items only, upon remand for judgment thereon, the superior court should deduct therefrom an item in offset which it was admitted was to be deducted from the total amount found due on the account.

Application filed in the supreme court October 25, 1920, for a writ of mandate to compel the superior court of King county, Gilliam, J., to vacate a judgment rendered in a cause, and to enter judgment in conformity with a previous opinion of the supreme court. Granted.

*Donworth, Todd & Higgins,* for relator.

*Stiles & Latcham,* for respondent.

PER CURIAM.—In *Hurley-Mason Company v. Pacific Commissary Company,* 111 Wash. 439, 191 Pac. 624, the remittitur from this court having proceeded to the lower court, both the respondent and the appellant submitted forms of judgment to the trial court for entry.  The trial court signified its intention of signing and entering the judgment proposed by the respondent and rejecting that proposed by the appellant Commissary Company.  The opinion in the original case concluded as follows:

"The foregoing considerations lead to the conclusion that the respondent is entitled to recover from the

[1]Reported in 194 Pac. 374.

appellant corporation the sum of the items set forth in the auditor's account under the heads 'merchandise,' 'meals to employees,' and 'repairs to buildings.' . . . The judgment is therefore reversed, and the cause is remanded with instructions to enter a judgment in accordance with this opinion.''

The items referred to were, respectively, merchandise, $1,801.50, meals to employees, $1,400.85, and repairs to buildings, $623.34, totaling $3,825.69.

Upon the refusal of the court to enter the judgment in the form offered by the appellant, the appellant, as relator, applied to this court for a peremptory writ of mandate to compel the entry of such judgment. The opinion in the original case, arrived at upon a different theory than the theory of the respondent, that there was an account stated upon which it was entitled to recover in full, but concluding that there was a mutual account upon which it was entitled to recover some items, other items being rejected, contained a summary of the items of account in the following statement:

''A copy of the account was given the commissary company, whereupon its officers protested against the charges. It was then made the subject of further inquiry by the department at Washington and the account was recast. On the recast the finals remained the same, but there was a material change in the items making up the deductions. In the account as finally approved, the items were listed as follows:

| | |
|---|---:|
| Merchandise | $1,801.50 |
| Proportion of overhead expenses | 1,876.31 |
| Proportion of overhead salaries | 4,419.34 |
| Meals to employees | 1,400.85 |
| Truck services | 118.50 |
| Repairs to buildings | 623.34 |
| Making a total of | $10,239.84 |
| From this was deducted fees | 2,467.19 |
| Leaving a net balance of | $7,772.19'' |

The fees deducted—the items of $2,467.65—consisted of certain fees for the service of meals.    This item was admitted in the respondent's complaint to have been paid to it for the service of meals.

It will thus be seen that, under the theory on which the decision was written, the respondent would have been entitled to $10,239.84, less the fees deducted of $2,467.65, leaving a net balance of $7,772.19, after deducting the credit to which the appellants were entitled upon the mutual account; and if the respondent was not entitled to the whole sum of $10,239.84, less the credits to which the appellants were entitled, it was entitled, as we found, to the items heretofore enumerated, being for merchandise, meals to employees and repairs to buildings, totaling $3,825.69.    Then, of course, the deduction of the credit to which the appellants were entitled for the fees for the serving of meals, admitted to be $2,467.65, is as necessary to be deducted from the total to which the respondent would otherwise have been entitled as from the original accounts claimed.

The relators were, therefore, correct in construing the decision of this court to that effect.    The deduction of $2,467.65 should be made from the aggregate of the items allowed, and the form of judgment proposed by the relators should have been signed and entered by the trial court.

The peremptory writ is therefore granted.